IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN L. MILLS,** : | |
| : | |
| Petitioner : | **CIVIL NO. 1:CV-04-2342** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **JAMES L. GRACE,** *et al.,* : | |
| : | |
| **Respondents** : | |

## MEMORANDUM AND ORDER

Petitioner, Stephen L. Mills, initiated this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner claims that he was denied due process and equal protection of the laws in his state parole review. Respondents claim that Petitioner has failed to exhaust his state court remedies. The court agrees, and for the following reasons, the petition will be dismissed.

Under § 2254 (b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." 23 U.S.C. § 2254 (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any

available procedure, the question presented." *Id.* § 2254(c).  It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus.  *Id.* § 2254(b), (c).  A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement.  *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

In the response to the habeas petition, Respondents aver that Petitioner has not filed any action in the Pennsylvania state courts raising the issues presented in the instant petition.  Petitioner does not dispute his failure to exhaust state court remedies.  Since Petitioner has not filed a traverse and there is no evidence to the contrary, Respondents allegations are accepted as true.  28 U.S.C. § 2248.  After review of the record, the court concludes that Petitioner has failed to seek review of his issues by the Pennsylvania State Courts, and consequently the court must decline the review sought.  To do otherwise would frustrate the intent of the statutory scheme.  Petitioner did not pursue his available state remedies, and he fails to provide evidence that any exception to exhaustion is applicable.

**IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies.

    2) The Clerk of Court shall close the file.

    3) The court declines to issue a certificate of appealability.

                                              s/Sylvia H. Rambo  
                                              SYLVIA H. RAMBO  
                                              United States District Judge

Dated: August 3, 2005.